UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHICO COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-0211** |
| **MARLIN N. GUSMAN, SHERIFF, RICHARD STALDER, KATHLEEN BLANCO, C. RAY NAGIN, UNKNOWN DEPUTIES** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 12)** filed by the defendants, Governor Kathleen Blanco and Secretary Richard Stalder of the Louisiana Department of Corrections, in which they seek dismissal of the plaintiff's claims under the doctrine of qualified immunity and for failure to allege the violation of a constitutional right. Also before the Court is a **Motion to Dismiss Pursuant to FRCP 12(b)(6) (Rec. Doc. No. 13)** filed by the defendant, New Orleans Mayor C. Ray Nagin, individually and his official capacity, for failure to state a claim for which relief may be granted. The plaintiff has not filed opposition to either motion.

The motions, along with the entire case, were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that these matters can be resolved without an evidentiary hearing.

**I.      Factual Summary**

    **A.      The Complaint**

The plaintiff, Chico Collins ("Collins"), is presently incarcerated in the C. Paul Phelps Correctional Center in DeQuincy, Louisiana. He filed this *pro se* and *in forma pauperis* complaint against Orleans Parish Criminal Sheriff Marlin N. Gusman, Secretary Richard Stalder of the Louisiana Department of Corrections ("DOC"), Governor Kathleen Blanco, New Orleans Mayor C. Ray Nagin, and unknown deputies, seeking monetary damages for the alleged untimely evacuation and unsafe conditions of his confinement at the time of Hurricane Katrina.

Collins alleges that he was housed in the Orleans Parish Prison ("OPP") when Hurricane Katrina approached the City of New Orleans. He complains that, when the storm hit the city, he was abandoned in the jail for three days without food, water, functioning toilets, and no air circulation. He claims that the electricity went off in the prison and the inmates asked the deputies for assistance. He alleges that the deputies eventually abandoned their posts without helping the inmates.

Collins further complains that, when help arrived, he had to walk to a bridge through chest-high contaminated water while wearing handcuffs and shackles. He complains that he was forced to leave behind his personal belongings and legal materials.

He also complains that he remained on the bridge for three hours in 90 degree heat, without food or water. He also claims that the inmates were threatened by U.S. Marshals, federal agents, and state deputies, who told the inmates that they would shoot to kill if the inmates moved. He also states that he was eventually transported to the Elayn Hunt Correctional Center ("Hunt"), where the living conditions worsened.

He alleges that, when he arrived at Hunt, he was given one blanket and forced to sleep on the wet ground of the football field. He further complains that, in lieu of a bath, he was sprayed with a high-powered firehouse. He also alleges that he was left on the football field without security or supervision and that the food was thrown to them over the fence. As a result of these conditions, Collins seeks $2.5 million in damages from the defendants.

### B.   Pending Motions

Governor Blanco and Secretary Stalder filed a Motion to Dismiss on the basis of qualified immunity because Collins failed to allege that they, apparently in their individual capacities, violated a clearly established constitutional right. They further contend that Louisiana law provides them with immunity from suit for actions taken in connection with emergency preparedness and response activities under La. Rev. Stat. Ann. § 29:735. The defendants do not address any relief in their official capacities.

Mayor Nagin has also filed a motion seeking dismissal of Collins's claims under Fed. R. Civ. P. 12(b)(6). The Mayor argues that Collins failed to set forth any allegations against him and that he is not responsible for the care of the prison or its prisoners. The Mayor therefore seeks dismissal for failure to state a claim for which relief can be granted.

Collins has not filed opposition to either of these motions. The Court will address the substance of the motions and, pursuant to its statutory duty, the Court will conduct a review for frivolousness of those claims and defendants not addressed in these motions.

## II. Standards of Review

### A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S.__, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.*, 127 S. Ct. at 1965 (parenthetical in original) (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id.* "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.*, 127 S. Ct. at 1965 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted.  *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint.  *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972).  In *Taylor v. Gibson*, the Court explained:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated.  An opportunity should be provided [to] the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976);  *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**B.     Standard of Review for Frivolousness**

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III. <u>Analysis</u>

#### A. <u>Motion by Governor Blanco and Secretary Stalder</u>

Governor Blanco and Secretary Stalder seek dismissal of the claims against them because they are qualifiedly immune from being sued, a defense available to them only in their individual capacities. They argue that the plaintiff has not set forth the violation of a clearly established law or any constitutional violation by either of them during his stay in OPP or during the evacuation process.

Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Colston v. Barnhart*, 130 F.3d 96, 98 (5th Cir. 1997); *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532-33 (5th Cir. 1997) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity provides for mistaken judgment and protects "all but the plainly incompetent or those who knowingly violate the law."

*Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). A qualified immunity defense is analyzed under a two-step process. *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000); *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) (on appeal after remand); *Colston*, 130 F.3d at 99.

The first step is to determine whether the plaintiffs have alleged a violation of a clearly established constitutional right under currently applicable constitutional standards. *Jacobs*, 228 F.3d at 393; *Hare*, 135 F.3d at 325; *Coleman*, 113 F.3d at 533. In determining whether a right is clearly established, this court is confined to precedent from the Fifth Circuit and the Supreme Court. *Shipp v. McMahon*, 234 F.3d 907, 915 (5th Cir. 2000). Therefore, a right is considered to be clearly established if, based on pre-existing law, the unlawfulness of the conduct in question is apparent. *Id.* In other words, the right is clearly established if its "'contours . . . [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (other citations omitted); *accord Foster v. City of Lake Jackson*, 28 F.3d 425, 29 (5th Cir. 1994).

When the plaintiff alleges a constitutional violation so as to satisfy the first prong, the second step requires the Court to determine whether defendant's conduct was objectively reasonable under existing clearly established law. *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001); *Jacobs*, 228 F.3d at 393; *Foster*, 28 F.3d at 428-29. Officials who act reasonably but mistakenly are still entitled to the defense. Qualified immunity gives ample room for mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law. *Anderson v. Creighton*, 483 U.S. at 641; *Malley v. Briggs*, 475 U.S. 335, 341, 343 (1986); *Hare*, 135 F.3d at 325. The court can determine as a matter of law whether a defendant is entitled to qualified immunity and, specifically,

whether a defendant's conduct was objectively reasonable. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000); *White v. Balderama*, 153 F.3d 237, 241 (5th Cir. 1998); *Colston*, 130 F.3d at 99.

In this case, the Court need not consider the two-step qualified immunity defense raised by the defendants. It is sufficient for the Court's analysis to focus on Collins's failure to identify a constitutional violation by either of these defendants. As outlined above, Collins alleges specific facts giving rise to his claims of unconstitutional conditions of his confinement at OPP and Hunt during and after Hurricane Katrina. However, Collins fails to allege any personal involvement in those conditions by the Governor or Secretary Stalder.

Under § 1983, the plaintiff must not only prove that a constitutional violation occurred, but also that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). A defendant may be liable under § 1983 only if he was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or a causal connection existed between an act by that defendant and the alleged constitutional violation. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

Collins fails to identify any action or inaction taken personally by the Governor or Secretary Stalder in the evacuation process or his treatment at any prison facility. It is not enough under § 1983 for Collins to suggest that the Governor or Secretary Stalder should be held responsible under any theory of vicariously liability for any actions taken by their subordinates at either prison which may have violated his constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200

(5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Accordingly, the Motion to Dismiss Governor Blanco and Secretary Richard Stalder in their individual capacities should be granted because Collins has failed to state a claim upon which relief may be granted.

### B.     Motion by Mayor Nagin

Mayor Nagin also seeks dismissal of Collins's claims against him on the basis that Collins has failed to allege any constitutional violation by him or any basis of liability for the conditions of his confinement during and after the storm.

As addressed above, a basic premise under § 1983 is that the plaintiff allege the defendant violated a constitutional right.  *Flagg Bros., Inc.*, 436 U.S. at 156; *see also*, *West v. Atkins,* 487 U.S. 42, 48 (1988).  The plaintiff must plead some plausible facts which, if proven, would establish a claim.  *Bell Atlantic Corp.*, 127 S. Ct. at 1965; *Arnaud v. Odom,* 870 F.2d 304, 307 (5th Cir.1989).

In this case, Collins alleges that at the time of Hurricane Katrina, he was housed in OPP and that he was abandoned in the jail for three days in rising water with no amenities.  He was taken through murky waters to a bridge and eventually moved to Hunt, where he slept outdoors.

Nowhere in Collins's complaint does he allege any action or inaction by Mayor Nagin. Collins does not allege that the Mayor did anything to violate his constitutional rights.  Under a broad reading, Collins seeks to hold the Mayor accountable for the delay in rescuing him from OPP. This suggestion, however, is insufficient to survive dismissal and does not provide any facts upon which to substantiate Collins's decision to hold the Mayor personally liable under § 1983.

Furthermore, under Louisiana law, the Mayor, as administrator of the City of New Orleans, has no responsibility for the management of affairs at OPP.  Under Louisiana law, the duty to administer and operate the parish jails falls on the Sheriff of each parish.  La. Rev. Stat. Ann. §

15:704. The law further provides that the administration of a parish jail, like OPP, including the obligation to care for, feed, and clothe the prisoners, is within the province of the Parish Sheriff, not the City where the jail is located. La. Rev. Stat. Ann. § 15:704 and § 33:1435(A); *see also Watson v. Graves*, 909 F.2d 1549, 1551 (5th Cir. 1990); *Thompkins v. Belt*, 828 F.2d 298, 304 n.8 (5th Cir. 1987); *see also*, *Langley v. City of Monroe*, 582 So.2d 367, 368 (La. App. 2nd Cir. 1991).

Furthermore, to the extent Mayor Nagin is named in his official capacity, the claims must also be dismissed. Suit against the Mayor in his official capacity is suit against the City of New Orleans. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978); *see also Kentucky v. Graham*, 473 U.S. 473 U.S. 159, 165 (1985). Therefore, the Mayor, as a representative of the City of New Orleans, could be liable under § 1983 only if his actions were in execution of an unconstitutional City policy or custom which inflicted injury or damage upon the plaintiff. *Monell*, 436 U.S. at 694.

Collins, therefore, must allege not merely that such an unconstitutional policy or custom existed, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds, Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986). Collins has not alleged that the alleged constitutional violations were the result of anything other than the actions or inactions of the unidentified personnel at OPP and Hunt. Collins has, therefore, failed to allege that an unconstitutional policy or custom of the City of New Orleans, or Mayor Nagin in his official capacity, led to his injuries as contemplated by *Monell*.

Thus, neither the Mayor nor the City of New Orleans has a causal link to the conditions of Collins's confinement during and after Hurricane Katrina, nor responsibility for the administration

of the Orleans Parish Prison system. Therefore, the Mayor's Motion to dismiss should be granted and the claims against him dismissed with prejudice for failure to state a claim for which relief may be granted.

### C. Review for Frivolousness

Having resolved the pending motions, the Court will now conduct its review for frivolousness as to remaining defendants and claims.

#### 1. Claims against Governor Blanco and Secretary Stalder in their Official Capacity

Collins has named Kathleen Blanco and Richard Stalder as defendants in their capacities as Governor and Secretary of the DOC, respectively. The motion filed by these defendants did not address the claims brought against them in these roles, their official capacities. To the extent that the plaintiff is attempting to bring official-capacity claims against these defendants, the claims are frivolous and otherwise fail to state a claim for which relief can be granted.

As discussed already in this opinion, to succeed on a claim of a civil rights violation under § 1983, Collins must prove both that the constitutional violation occurred and that it did so because of an action taken by a "person" under color of state law. *Flagg Bros., Inc.*, 436 U.S. at 156; *Polk County v. Dodson*, 454 U.S. 312 (1981). However, it is a fundamental premise of the Supreme Court that a state actor sued in his official capacity is not considered a person for purposes of suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Thus, the Governor and Secretary Stalder, in their official capacities, are not persons suable for a civil rights violation under § 1983. The § 1983 claims against Governor Blanco and Richard Stalder in their official capacities should be dismissed as frivolous and for failure to state a claim for which relief can be granted.

### 2. **Sheriff Marlin Gusman**

Collins has named Sheriff Gusman as a defendant because he is responsible for OPP and should be held accountable for his unfortunate circumstances during and after Hurricane Katrina.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 102-03 (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate, like the unnamed deputies mentioned in the Complaint, allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).

Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). Collins does not allege that Sheriff Gusman was personally involved in the acts about which he complains

or in the evacuation process itself.  He has not alleged that Sheriff Gusman was personally involved in transporting him through the flood waters to the Broad Street bridge.  His claims against the Sheriff are in this regard are based on a meritless legal theory.

Furthermore, to the extent Collins asserts that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his federal claims are still frivolous.  Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986).  Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment.  *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Furthermore,  federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions.  *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998).  For these reasons, a short term sanitation problem, although admittedly unpleasant, does not amount to a constitutional violation.  *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State*

*Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)).

In sum, Collins has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting after Hurricane Katrina, one of the largest disasters that the United States has experienced in its history. Collins recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances.

Without a showing of a deliberate indifference, Collins's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### 3.    **Unidentified Deputies**

Collins has also listed unidentified deputies as defendants for their having allegedly abandoned him in the prison without food or water during Hurricane Katrina. Collins has not identified these individuals as proper parties in a manner sufficient under Fed. R. Civ. P. 17.

Rule 17 requires that an action be prosecuted in the name of the real party in interest. In this case, Collins has failed to name and sue the deputies in their real names. Failure to do so renders his claim defective and subject to dismissal. For this reason, his claims against these improperly named defendants are frivolous and otherwise fail to state a claim for which relied can be granted.

**IV.     State Law Negligence Claims**

Collins, under a broad reading, suggests that Gusman, his deputies, and the other defendants breached their responsibilities when they left him in the prison and exposed him to poor conditions. These claims may be considered under a state law theory of negligence. *See* La. Civ. Code art. 2315 *et seq.*

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The court is recommending dismissal of Collins's federal claims in their entirety either as frivolous or failure to state a claim for which relief can be granted. Therefore, his state law claims should be dismissed without prejudice to his ability to assert them in the appropriate state forum as the Court declines to exercise its supplemental jurisdiction.

**V.      Recommendation**

It is therefore **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 12)** filed by Governor Blanco and Secretary Stalder be **GRANTED** and Collins's § 1983 claims against them, in their individual capacities, be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted.

If is further **RECOMMENDED** that the **Motion to Dismiss Pursuant to FRCP 12(b)(6) (Rec. Doc. No. 13)** filed by Mayor C. Ray Nagin be **GRANTED** and Collins's § 1983 claims against him, in his individual and official capacities, be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that Collins's § 1983 claims against Governor Blanco and Secretary Stalder, in their official capacities, Sheriff Gusman and the unknown deputies, be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be pursuant to Title 28 U.S.C. § 1915e and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Collins's state law claims against the defendants be **DISMISSED WITHOUT PREJUDICE** to his ability to pursue the claims in the appropriate state forum because the Court declines to exercise its supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___9th___ day of January, 2008

                                                        **KAREN WELLS ROBY**
                                            **UNITED STATES MAGISTRATE JUDGE**